**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A., | § § § | Civil Action No. 2:16-cv-642-JRG |
| Plaintiffs, | § § | |
| v. | § § | PATENT CASE |
| SAMSUNG ELECTRONICS<br>AMERICA, INC., | § § § | |
| Defendant. | § § § | JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their First Amended Complaint against defendant, Samsung Electronics America, Inc. ("SEA"), allege as follows:

**THE PARTIES**

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      Uniloc Luxembourg owns a number of patents in the field of text/voice instant messaging.

4.      Upon information and belief, SEA is a New York corporation having a principal place of business in Ridgefield Park, New Jersey and offers its products and/or services, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas.  SEA may be served with process through its registered agent in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

**6.**      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, SEA is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

**7.**      SEA is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,724,622)

8.      Uniloc incorporates paragraphs 1-7 above by reference.

9.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,724,622 ("the '622 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 13, 2014.  A true and correct copy of the '622 Patent is attached as Exhibit A hereto.

10.     Uniloc USA is the exclusive licensee of the '622 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11.     Upon information and belief, the following describes, at least in part, SEA's Socializer Messenger app:



12.     Upon information and belief, the following describes, at least in part, how SEA's Socializer Messenger app works:



13.     Upon information and belief, the following describes, at least in part, how SEA's Socializer Messenger app works:



14.     Upon information and belief, the following describes, at least in part, how SEA's Socializer Messenger app works:



15.     Upon information and belief, the following describes, at least in part, how SEA's Socializer Messenger app works:



16.     Upon information and belief, the following describes, at least in part, how SEA's Socializer Messenger app works:



17.     SEA has directly infringed, and continues to directly infringe one or more claims of the '622 Patent in this judicial district and elsewhere in Texas, including at least Claims 3, 4, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 25, 26 and 38 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Socializer Messenger app system running iOS, Android and/or WP8 during the pendency of the '622 Patent which software and associated SEA servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein digitized audio files are transmitted between a plurality of recipients on a packet switched network and a list of one or more currently potential recipients is displayed on the device.

18.     In addition, should SEA's Socializer Messenger app system be found to not literally infringe the asserted claims of the '622 Patent, SEA's Socializer Messenger app system would nevertheless infringe the asserted claims of the '622 Patent.  More specifically, the accused Socializer Messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (via a digitized audio files in a client/server

environment), to yield substantially the same result (delivering voice messages to available intended recipients).   SEA would thus be liable for direct infringement under the doctrine of equivalents.

19.    SEA has indirectly infringed and continues to indirectly infringe at least Claims 3, 4, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 25, 26 and 38 of the '622 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Socializer Messenger app.  SEA's customers who purchase the Socializer Messenger app and operate such application in accordance with SEA's instructions directly infringe one or more of the forgoing claims of the '622 Patent in violation of 35 U.S.C. § 271.  SEA directly and indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.sammobile.com

https://news.samsung.com

https://play.google.com/store/apps

www.youtube.com

SEA is thereby liable for infringement of the '622 Patent under 35 U.S.C. § 271(b).

20.    SEA has indirectly infringed and continues to indirectly infringe at least Claims 3, 4, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 25, 26 and 38 of the '622 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Socializer Messenger app, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in

practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '622 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

21.     For example, the Socializer Messenger app is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Socializer Messenger app is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  SEA is, therefore, liable for infringement under 35 U.S.C. § 271(c).

22.     SEA will have been on notice of the '622 Patent since, at the latest, the service of this complaint upon SEA.  By the time of trial, SEA will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of Claims 3, 4, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 25, 26 and 38 of the '622 Patent.

23.     SEA may have infringed the '622 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Socializer Messenger app system.   Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

24.     Uniloc has been damaged, reparably and irreparably, by SEA's infringement of the '622 Patent and such damage will continue unless and until SEA is enjoined.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,995,433)

25.     Uniloc incorporates paragraphs 1-24 above by reference.

26.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,995,433 ("the '433 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING

that issued on March 31, 2015.  A true and correct copy of the '433 Patent is attached as Exhibit B hereto.

27.     Uniloc USA is the exclusive licensee of the '433 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

28.     SEA has directly infringed, and continues to directly infringe one or more claims of the '433 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-5 and 8 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the SEA Socializer Messenger app system running iOS, Android and/or WP8 during the pendency of the '433 Patent which software and associated SEA servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the users request.

29.     In addition, should SEA's Socializer Messenger app system be found to not literally infringe the asserted claims of the '433 Patent, SEA's accused Socializer Messenger app system would nevertheless infringe the asserted claims of the '433 Patent.  More specifically, the accused Socializer Messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (identifying potentially available recipients, storing messages using unique identifiers and a file manager for storing, retrieving and/or deleting the messages), to yield substantially the same result (delivering voice messages to available intended

recipients and wherein the messages may be stored, retrieved and/or deleted).  SEA would thus be liable for direct infringement under the doctrine of equivalents.

30.     SEA has indirectly infringed and continues to indirectly infringe at least Claims 1-5 and 8 of the '433 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Socializer Messenger app.  SEA's customers who purchase the Socializer Messenger app and operate such application in accordance with SEA's instructions directly infringe one or more of the forgoing claims of the '433 Patent in violation of 35 U.S.C. § 271.  SEA directly and indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.sammobile.com

https://news.samsung.com

https://play.google.com/store/apps

www.youtube.com

SEA is thereby liable for infringement of the '433 Patent under 35 U.S.C. § 271(b).

31.     SEA has indirectly infringed and continues to indirectly infringe at least Claims 1-5 and 8 of the '433 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Socializer Messenger app, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in

infringing the '433 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

32.     For example, the Socializer Messenger app is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Socializer Messenger app is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  SEA is, therefore, liable for infringement under 35 U.S.C. § 271(c).

33.     SEA will have been on notice of the '433 Patent since, at the latest, the service of this complaint upon SEA.  By the time of trial, SEA will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of Claims 1-5 and 8 of the '433 Patent.

34.     SEA may have infringed the '433 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Socializer Messenger app system.   Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

35.     Uniloc has been damaged, reparably and irreparably, by SEA's infringement of the '433 Patent and such damage will continue unless and until SEA is enjoined.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 8,243,723)

36.     Uniloc incorporates paragraphs 1-35 above by reference.

37.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,243,723 ("the '723 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on August 14, 2014.  A true and correct copy of the '723 Patent is attached as Exhibit C hereto.

38.     Uniloc USA is the exclusive licensee of the '723 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

39.     SEA has directly infringed, and continues to directly infringe one or more claims of the '723 Patent in this judicial district and elsewhere in Texas, including at least Claims 1 and 3 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the SEA Socializer Messenger app system running iOS, Android and/or WP8 during the pendency of the '723 Patent which software and associated SEA servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the availability of the recipients' nodes is monitored, recorded and displayed and the instant message(s) are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

40.     In addition, should SEA's Socializer Messenger app system be found to not literally infringe the asserted claims of the '723 Patent, SEA's accused Socializer Messenger app system would nevertheless infringe the asserted claims of the '723 Patent.  More specifically, the accused SEA Messenger app performs substantially the same function (instant voice messaging), in substantially the same way (monitoring, recording and displaying recipients' availability), to yield substantially the same result (delivering voice messages to available intended recipients and storing messages for unavailable recipients until they become available).  SEA would thus be liable for direct infringement under the doctrine of equivalents.

41.     SEA has indirectly infringed and continues to indirectly infringe at least Claims 1 and 3 of the '723 Patent in this judicial district and elsewhere in the United States by, among

other things, actively inducing the using, offering for sale, selling, or importing the Socializer Messenger app. SEA's customers who purchase the Socializer Messenger app and operate such application in accordance with SEA's instructions directly infringe one or more of the forgoing claims of the '723 Patent in violation of 35 U.S.C. § 271. SEA directly and indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.sammobile.com

https://news.samsung.com

https://play.google.com/store/apps

www.youtube.com

SEA is thereby liable for infringement of the '723 Patent under 35 U.S.C. § 271(b).

42.     SEA has indirectly infringed and continues to indirectly infringe at least Claims 1 and 3 of the '723 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Socializer Messenger app, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '723 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

43.     For example, the Socializer Messenger app is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Socializer Messenger app is a material part of the claimed inventions and upon

information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. SEA is, therefore, liable for infringement under 35 U.S.C. § 271(c).

44.      SEA will have been on notice of the '723 Patent since, at the latest, the service of this complaint upon SEA. By the time of trial, SEA will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of Claims 1 and 3 of the '723 Patent.

45.      SEA may have infringed the '723 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Socializer Messenger app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

46.      Uniloc has been damaged, reparably and irreparably, by SEA's infringement of the '723 Patent and such damage will continue unless and until SEA is enjoined.

### COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 7,535,890)

47.      Uniloc incorporates paragraphs 1-46 above by reference.

48.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,535,890 ("the '890 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 19, 2009. A true and correct copy of the '890 Patent is attached as Exhibit D hereto.

49.      Uniloc USA is the exclusive licensee of the '890 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

50.      SEA has directly infringed, and continues to directly infringe one or more claims of the '890 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-6,

14, 15, 17-20, 28, 29, 31-34, 40-43, 51-54, 62-65 and 68 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the SEA Socializer Messenger app system running iOS, Android and/or WP8 during the pendency of the '890 Patent which software and associated SEA servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

51.     In addition, should SEA's Socializer Messenger app system be found to not literally infringe the asserted claims of the '890 Patent, SEA's accused Socializer Messenger app system would nevertheless infringe the asserted claims of the '890 Patent.  More specifically, the accused SEA Messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (via a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients).  SEA would thus be liable for direct infringement under the doctrine of equivalents.

52.     SEA has indirectly infringed and continues to indirectly infringe at least Claims 1-6,  14, 15, 17-20, 28, 29, 31-34, 40-43, 51-54, 62-65 and 68 of the '890 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Socializer Messenger app.  SEA's customers who purchase the Socializer Messenger app and operate such application in accordance with SEA's instructions directly infringe one or more of the forgoing claims of the '890 Patent in violation of 35 U.S.C. § 271.  SEA directly and indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.sammobile.com

https://news.samsung.com

https://play.google.com/store/apps

www.youtube.com

SEA is thereby liable for infringement of the '890 Patent under 35 U.S.C. § 271(b).

53.     SEA has indirectly infringed and continues to indirectly infringe at least Claims 1-6,  14, 15, 17-20, 28, 29, 31-34, 40-43, 51-54, 62-65 and 68 of the '890 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Socializer Messenger app, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '890 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

54.     For example, the Socializer Messenger app is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Socializer Messenger app is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  SEA is, therefore, liable for infringement under 35 U.S.C. § 271(c).

55.     SEA will have been on notice of the '890 Patent since, at the latest, the service of this complaint upon SEA.  By the time of trial, SEA will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of Claims 1-6,  14, 15, 17-20, 28, 29, 31-34, 40-43, 51-54, 62-65 and 68 of the '890 Patent.

56.     SEA may have infringed the '890 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Socializer Messenger app system.   Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

57.     Uniloc has been damaged, reparably and irreparably, by SEA's infringement of the '890 Patent and such damage will continue unless and until SEA is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against SEA as follows:

(A)     that SEA has infringed the '890 Patent, the '622 Patent, the '723 Patent and the '433 Patent;

(B)     awarding Uniloc its damages suffered as a result of SEA's infringement of the '890 Patent, the '622 Patent, the '723 Patent and the '433 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining SEA, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '890 Patent, the '622 Patent, the '723 Patent and the '433 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.


Dated: July 11, 2016                            Respectfully submitted,


                                                 */s/ Kevin Gannon*
                                                Craig Tadlock
                                                Texas State Bar No. 00791766
                                                Keith Smiley
                                                Texas State Bar No. 24067869
                                                **TADLOCK LAW FIRM PLLC**
                                                2701 Dallas Parkway, Suite 360
                                                Plano, TX 75093
                                                Tel: (903) 730-6789
                                                Email: craig@tadlocklawfirm.com
                                                Email: keith@tadlocklawfirm.com

                                                Paul J. Hayes
                                                Kevin Gannon
                                                **CESARI AND MCKENNA, LLP**
                                                88 Black Falcon Ave
                                                Suite 271
                                                Boston, MA 02110
                                                Telephone: (617) 951-2500
                                                Facsimile: (617) 951-3927
                                                Email: pjh@c-m.com
                                                Email: ktg@c-m.com

                                                **ATTORNEYS FOR THE PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/EMF system per Local Rule 5(a)(3) on July 11, 2016.

                                   By: */s/ Kevin Gannon*

18