# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., et al, | § | |
| | § | Case No. 2:16-cv-00642-JRG |
| Plaintiffs, | § | LEAD CASE |
| | § | |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS AMERICA, INC., | § | |
| PLAYSTATION MOBILE INC., | § | Case No. 2:16-cv-00732-JRG |
| | § | |
| Defendants. | § | |
| | § | |

### PLAINTIFFS' OPPOSITION TO DEFENDANT PLAYSTATION MOBILE INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(3) OR, IN THE ALTERNATIVE, <u>TO DISMISS IN PART UNDER FED. R. CIV. P. 12(B)(6)</u>

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. LEGAL STANDARDS .................................................................................................. 2
III. ARGUMENT .................................................................................................................. 3
    A. THE AMENDED COMPLAINTS STATE A PLAUSIBLE CLAIM FOR INDIRECT INFRINGEMENT ........................................................................... 3
    B. VENUE IS PROPER ......................................................................................... 5
IV. CONCLUSION ............................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................... 2

*Barksdale v. King*,
    699 F.2d 744 (5th Cir. 1983) ....................................................................................... 1

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................... 3

*Blitzsafe Texas, LLC, v. Volkswagen Group of Am., Inc.*,
    Case No. 2:15-cv-1278-JRG, 2016 U.S. Dist. LEXIS 124144 (E.D. Tex. Aug. 19, 2016) ........ 3

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981) ...................................................... 2

*Gonzalez v. Kay*,
    577 F.3d 600 (5th Cir. 2009) .................................................................................. 2, 3

*Harrington v. State Farm Fire & Cas. Co.*,
    563 F.3d 141 (5th Cir. 2009) ....................................................................................... 2

*In re Bill of Lading Transmission & Proc. Sys. Patent Lit.*,
    681 F.3d 1323 (Fed. Cir. 2012) ................................................................................... 2

*Lyn-Lea Travel Corp. v. Am. Airlines*,
    283 F.3d 282 (5th Cir. 2002) ....................................................................................... 2

*Ricoh Company, Ltd. v. Quanta Computer Inc.*,
    550 F. 3d 1325 (Fed. Cir. 2008) .............................................................................. 4, 5

*RPost Holdings, Inc. v. Readnotify.com Pty. Ltd.*,
    No. 2:11-cv-16, 2012 WL 3201898 (E.D. Tex. Jun. 29, 2012) ................................... 2

*Script Sec. Solutions L.L.C. v. Amazon.com, Inc.*,
    No. 2:15-cv-1030, 2016 WL 1055827 (E.D. Tex. Mar. 16, 2016) ............................. 3

*Skinner v. Spitzer*,
    562 U.S. 521 (2011) .................................................................................................... 3

*TC Heartland LLC v. Kraft Food Brands Group LLC.*,
    137 S.Ct. 614 (Mem.) (2016) .................................................................................. 2, 5

*Turner v. Pleasant*,
    663 F.3d 770 (5th Cir. 2011) ....................................................................................... 2

*Uniloc v. Avaya Inc.*,
    Case No. 6:15-cv-1168-JRG ....................................................................................... 3

*Williams v. Bd. of Regents of the Univ. Sys. of Georgia*,
    477 F.3d 1281 (11th Cir. 2007) ................................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(3) ........................................................................................................ 1

Fed. R. Civ. P. 12(b)(6).............................................................................................................. 1

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), oppose the motion of defendant, PlayStation Mobile Inc. ("PlayStation"), to dismiss the First Amended Complaint ("FAC") for improper venue under Fed. R. Civ. P. 12(b)(3) or, in the alternative, to dismiss in part under Fed. R. Civ. P. 12(b)(6) ("Motion" or "Mot.").

**I.     INTRODUCTION**

PlayStation argues that Uniloc's allegations of indirect infringement should be dismissed under Rule 12(b)(6) because Uniloc has failed to state a plausible claim. Mot. at 7-11. Uniloc disagrees, but is today filing an amended complaint (the Second Amended Complaint ("SAC") to obviate PlayStation's arguments. A copy of the SAC is attached as Exhibit A.[1]

Rule 15(a)(1) allows a plaintiff to amend its complaint once "as a matter of course" within 21 days after service of a motion under rule 12(b). Here, although the FAC amended the original complaint, that original complaint had been filed only against Sony Interactive Entertainment LLC, PlayStation's parent company. *See* Case No. 2:16-cv-00732, Dkt. No. 1. The FAC was the first complaint filed against PlayStation. Because the FAC was the *initial* complaint against PlayStation itself, Rule 15(a)(1)(B) gives Uniloc the right to file the SAC, as a matter of course, as it only names PlayStation. *See*, *e.g.*, *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983); *Williams v. Bd. of Regents of the Univ. Sys. of Georgia*, 477 F.3d 1281, 1292 (11th Cir. 2007) (Plaintiff may amend its complaint as a matter of course under Rule 15(a) against one defendant, even though Rule 15(a) would not be satisfied as to other defendants.).

Should the Court rule that Uniloc does not have the right to amend as a matter of course. Uniloc provisionally cross-moves for leave to amend under Rule 15(a)(2), which provides the

---

[1] Unless otherwise noted, all exhibits referenced herein are attached to the accompanying Declaration of Kevin Gannon.

1

court should freely give leave when justice so requires. Allowing the SAC would also be consistent with Fifth Circuit precedent which prefers allowing amendment over dismissal. *See*, *e.g.*, *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 285 (5th Cir. 2002); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981).

As regards venue, PlayStation admits filing the motion only to avoid a potential waiver, should the Supreme Court reverse the Federal Circuit in *TC Heartland LLC v. Kraft Food Brands Group LLC.*, 137 S.Ct. 614 (Mem.) (2016). *See* Mot. at 5 n. 3 ("PlayStation includes these arguments in an abundance of caution to avoid waiver of its rights under Rule 12.") PlayStation concedes that venue is proper under current Federal Circuit law.

## II. LEGAL STANDARDS

As motions to dismiss are not unique to patent law, they are evaluated under the law of the regional circuit. *See*, *e.g.*, *In re Bill of Lading Transmission & Proc. Sys. Patent Lit.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). In the Fifth Circuit, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored, and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011); *see also RPost Holdings, Inc. v. Readnotify.com Pty. Ltd.*, No. 2:11-cv-16, 2012 WL 3201898, at *1 (E.D. Tex. Jun. 29, 2012).

In evaluating a Rule 12(b)(6) motion, the complaint should be liberally construed in favor of the plaintiff and all facts pleaded in the complaint should be taken as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Upon reviewing the facts most favorably to the plaintiff, the Court must decide whether the facts state a claim for relief that is plausible on its face. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 662). Thus, under Rule 8(a)(2), a plaintiff is required to provide "only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Skinner v. Spitzer*, 562 U.S. 521, 530 (2011); *see also Script Sec. Solutions L.L.C. v. Amazon.com, Inc.*, No. 2:15-cv-1030, 2016 WL 1055827, at *7 (E.D. Tex. Mar. 16, 2016) (Bryson, J.).

"[T]he plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the alleged misconduct." Order in *Uniloc v. Avaya Inc.*, Case No. 6:15-cv-1168-JRG, Dkt. No. 48, at 6 (Ex. B). Importantly, "'detailed factual allegations' are not required" in the complaint. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, "[a]sking a patentee to allege a precise fact for every element of every asserted claim in the complaint drives Rule 8 back towards the technical pleading system that it was crafted to replace." *Blitzsafe Texas, LLC, v. Volkswagen Group of Am., Inc.*, Case No. 2:15-cv-1278-JRG, 2016 U.S. Dist. LEXIS 124144, at *17 (E.D. Tex. Aug. 19, 2016).

### III. ARGUMENT

#### A. THE AMENDED COMPLAINTS STATE A PLAUSIBLE CLAIM FOR INDIRECT INFRINGEMENT

As to induced infringement, PlayStation argues that the Complaint lacks any facts that could plausibly support the conclusion that PlayStation specifically intends end users to infringe the Asserted Patents. Mot. at 11-12. PlayStation attempts to impose upon Uniloc pleading requirements beyond those required under Rule 8(a)(2). As in *Avaya*, PlayStation "seeks to improperly elevate the pleading standard from plausibility to probability." Ex. B at 8. In *Avaya*,

the Court found Uniloc's allegations of intent, similar to those made in the FAC in this case, to be sufficient:

> Avaya also contends that Uniloc's induced infringement claims should fail because the Complaint does not sufficiently allege the intent requirement. (Mot. at 13-14).
>
> * * *
>
> Uniloc sufficiently pleads the intent requirement for induced infringement by alleging that Avaya's enterprise customers use the accused products to directly infringe the patents-in-suit in accordance with Avaya's instructions. (Complaint ¶ 22). Uniloc further alleges that "Avaya instructs its customers through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides." (*Id.*). Additionally, Avaya provides links to publicly available documents that allegedly instruct Avaya's customers to use the accused products in a way that infringes the asserted patents. (*Id.*). This level of specificity exceeds the level considered in *Bill of Lading*.
>
> * * *
>
> These factual allegations coupled with Avaya's knowledge of the patents are enough to give rise to a reasonable inference that Avaya possessed the requisite intent to induce infringement.

Ex. B at 8-9. Uniloc makes the same factual allegations in paragraphs 25, 36, 47, and 58 of the FAC. Thus, as in *Avaya*, the factual allegations of intent were sufficient.

In any event, the SAC more particularly states the basis for induced infringement. Paragraphs 14-16, 24-26, 34-36, and 44-46 of the SAC allege that PlayStation actively induces infringement not only by instructing users, but also by not reprogramming the Messaging Apps to remove the infringing functionality.

*Ricoh Company, Ltd. v. Quanta Computer Inc.*, 550 F. 3d 1325, 1338, 1341, 1343 (Fed. Cir. 2008), established that control over the design and manufacturing of the product (here, the Messaging Apps) that provides the infringing functionality meets the standards for indirect infringement, including induced infringement:

4

> When a manufacturer includes in its product a component that can *only* infringe, the inference that infringement is intended is unavoidable. … [I]t is entirely appropriate to presume that one who sells a product containing *a component that has no substantial noninfringing use* in that product does so with the intent that the component will be used to infringe.
>
> …
>
> … [In *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005), the Supreme Court] examined whether a showing of intent required evidence that the accused indirect infringer successfully communicated a message of encouragement to the alleged direct infringer and concluded that such a communication is not necessary.
>
> …
>
> …*Grokster* recognized that a failure to remove or diminish infringing features of a distributed product is relevant to a party's intent that those features be used for direct infringement…. Ricoh's focus on the separability of the allegedly infringing functionality from the noninfringing functionality of the Quanta drives may, therefore, be relevant to whether QSI had a specific intent to encourage another's infringement.
>
> In particular, QSI's role as the designer and manufacturer of the optical drives in question may evidence an intent sufficiently specific to support a finding of inducement. As indicated above, *Water Technologies* [*Corp. v. Calco Ltd.*, 850 F.2d 660 (Fed. Cir. 1988)] inferred a specific intent to cause infringement from a defendant's knowledge of the patent and control over the design or manufacturing of the product used for direct infringement.

As to contributory infringement, Uniloc disagrees with the arguments that PlayStation has raised, but, to narrow the case, has dropped the allegations of contributory infringement in the SAC.

B.   <u>VENUE IS PROPER</u>

PlayStation concedes venue is proper in this Court under current law.  PlayStation argues that venue would become improper if the Supreme Court reversed the Federal Circuit in *TC Heartland LLC v. Kraft Food Brands Group LLC*. Mot. at 5-6.  Should that happen, Uniloc will argue the reversal is not dispositive of PlayStation's venue motion.  For example, the Supreme Court may not make a revised standard retroactive.  Uniloc will thus withhold argument until *TC Heartland* is reversed, if that happens.

5

## IV. CONCLUSION

PlayStation would concede, under current law, its venue motion should be denied. As for the pleading motion, Uniloc, in both the FAC and SAC, sufficiently pleaded induced infringement. A proposed Order denying the motion is attached.

Date: May 15, 2017                                                  Respectfully submitted,

                                                                          */s/ Kevin Gannon*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**

### CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 15, 2017.

                                                                          */s/ Kevin Gannon*